1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WALLACE LAFLEUR,

                            Plaintiff,

            v.

SUNBEAM PRODUCTS, INC., d/b/a JARDEN
CONSUMER SOLUTIONS,

                            Defendant.

Case No. C09-425 MJP

**ORDER DENYING PLAINTIFF'S
AMENDED MOTION FOR PARTIAL
SUMMARY JUDGMENT AND
MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE
DEFENSES**

        This matter comes before the Court on Plaintiff's amended motion for partial summary

judgment as to liability and causation and his motion to strike Defendant's affirmative defenses.

(Dkt. No. 26.)  Having reviewed the motions, Defendant's response (Dkt. No. 32), the reply

(Dkt. No. 35), and all papers submitted in support thereof, the Court DENIES the motions.

Defendant's request to strike testimony of two of Plaintiff's declarants is DENIED.  (Dkt. No. 32

at 7-9.)  Plaintiff's motion to strike the testimony of Dr. Julie Wood as hearsay is GRANTED.

(Dkt. No. 35 at 9-10.)  The Court's reasoning is set forth below.

                                    **Background**

        Plaintiff Wallace LaFleur alleges he suffered personal and property damages after a fire

allegedly caused by a Holmes brand heater sold by Defendant broke out in his fifth-wheel trailer

ORDER DENYING PLAINTIFF'S AMENDED MOTION
FOR PARTIAL SUMMARY JUDGMENT AND MOTION
TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES -
1

CASE NO. C09-425 MJP

on October 17, 2007.  (Dkt. No. 1 at 10.)  On the evening of October 16, 2007, Plaintiff used the Holmes heater and when he left for work the next day at 5:30 A.M., he set it to low.  (LaFleur Dep. 19:3-20.)  When he returned at 4:00 P.M., Plaintiff found his trailer filled with black, sooty smoke.  (Id. at 20:21-21:8.)  Plaintiff spent fifteen seconds to one minute in the trailer in order to air it out.  (Id. at 19:23-20:10.)  After the fire, Plaintiff continued to live in the trailer for three nights.  (Id. at 22:25-23:9, 33:20-23.)  Plaintiff began coughing up "black chunks" and suffered certain respiratory-related problems after the fire.  (Id.)

Plaintiff claims that the Holmes heater caused the fire in his trailer.  Plaintiff's expert concludes the heater caused the fire because it had fire damage and because it was the subject of a recall for an electrical connection within it that poses a fire and thermal burn hazard.  (Schefsky Decl. ¶¶ 2-6, 8.)  Plaintiff's expert concludes that the fire damage to the heater was caused by an internal malfunction, not an external source.  (Id. ¶ 7; Supp. Schefsky Decl.)  Plaintiff's expert, however, did not inspect the trailer or the heater in the trailer.  Defendant also inspected Plaintiff's heater after the fire and could not determine the cause of the fire, whether the defect that was the subject of the recall existed in this heater, or whether the damage to the heater was caused by an external or internal source.  (Prins Dep. 36:21-37:21.)  Defendant contends that only an examination of the heater in situ could determine the cause of the fire and that it did not have that opportunity.  (Id.)  As to Plaintiff's medical ailments, the parties dispute the cause and extent of the harm he has suffered.  Notably, Defendant points to Plaintiff's thirty-year pack-a-day cigarette habit as a cause for much of the harm he allegedly suffered from the smoke exposure.  (Chalaka Dep. Vol. 1 at 28:16-21.)

Plaintiff asks the Court to grant partial summary judgment in his favor and find that a design defect exists in the heater and that the defect caused the fire in his trailer and caused him both personal injuries and property damages.  Plaintiff also requests the Court strike all of Defendant's affirmative defenses.  Defendant opposes the motions and moves to strike the

1   testimony of Richard Schefsky and Tim Curry.  (Dkt. No. 32 at 7-9.)  Plaintiff seeks to strike as

2   hearsay testimony from Dr. Julie Wood.  (Dkt. No. 35 at 9-10.)

**Analysis**

3

4   A.   Standard

5        Summary judgment is proper if the pleadings, depositions, answers to interrogatories,

6   admissions on file, and affidavits show that there is no genuine issue of material fact and that the

7   moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Material facts are

8   those "that might affect the outcome of the suit under the governing law."  Anderson v. Liberty

9   Lobby, Inc., 477 U.S. 242, 248 (1986).  On a motion for summary judgment, "[t]he evidence of

10  the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id.

11  at 255.

12  B.   Partial Summary Judgment

13       Plaintiff moves for partial summary judgment as to his products liability and breach of

14  warranty claims.  A product manufacturer is strictly liable to a plaintiff whose harm is

15  proximately caused by the manufacturer's product that was not "reasonably safe in construction

16  or not reasonably safe because it did not conform to the manufacture's express warranty or to the

17  implied warranties under Title 62.A RCW."  RCW 7.72.030(2); see Bruns v. PACCAR, Inc., 77

18  Wn. App. 201, 208 (1995).  In moving for partial summary judgment, Plaintiff essentially asks

19  the Court to find that the heater had a design defect, that the defect breached Defendant's express

20  and implied warranties, and that the defect caused the alleged harm.  Disputed issues of fact

21  preclude granting summary judgment in Plaintiff's favor.

22       A dispute of fact exists as to whether a design defect existed in the Holmes heater and

23  whether it caused the fire in the trailer.  The testimony of plaintiff's expert, Richard Shefsky, and

24  Richard Prins, Sunbeam's Senior Director, Product Safety Engineer, are in direct conflict as to

25  whether the heater had a design defect and whether the heater or an external source caused the

26  fire in Plaintiff's trailer.  (Compare Supp. Schefsky Decl. at 2 with Prins Dep. 28:15-22, 36:21-

ORDER DENYING PLAINTIFF'S AMENDED MOTION                    CASE NO. C09-425 MJP
FOR PARTIAL SUMMARY JUDGMENT AND MOTION
TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES -
3

37:21.)  Neither person inspected the heater in situ to determine whether an internal or external source caused the fire.  Defendant contends this is the only way to determine the source of the damage to the heater, and Plaintiff's expert does not controvert this.  The Court cannot grant summary judgment in Plaintiff's favor on this issue.

A dispute of fact also exists as to the cause of Plaintiff's respiratory problems.  Defendant's medical expert contends that he cannot conclude that smoke inhalation from the trailer caused Plaintiff's respiratory problems rather than Plaintiff's extensive cigarette habit, while Plaintiff's expert concludes that the smoke from the trailer caused his respiratory problems.  (Compare Stewart Dep. 19:23-25, 25:8-26:16 with Chalaka Decl. ¶ 5.a.)

There is also dispute as to the amount of damage Plaintiff's trailer suffered as a result of the fire.  Plaintiff presents a declaration from Tim Curry, the dealer who sold Plaintiff the trailer and inspected it after the fire, who values the loss at $8,370 and the value of the trailer at $500.  (Curry Decl. ¶¶ 1-3, 6.)  Defendant points out that a material fact exists as to the true value of the trailer given that Plaintiff's insurer paid for repairs, Plaintiff continues to live in the trailer, and Plaintiff has repaired and replaced items in the trailer.  (LaFleur Dep. at 24:23-24:4, 25:21-26:6, 26:7-9, 27:5-28:10.)

The Court cannot grant summary judgment as to liability or causation given the disputes of material fact.  Plaintiff's motion for partial summary judgment is DENIED.

C.   Affirmative Defenses

Plaintiff broadly asks the Court to dismiss Defendant's affirmative defenses on the theory that Defendant has not shown any evidence to support them.  Plaintiff fails to provide the legal standard on which the Court might rely to strike the affirmative defenses.  A Court may strike affirmative defenses under Rule 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Plaintiff has not met his burden to support his motion to strike the affirmative defenses.  Defendant also contends that disputes of fact exist with regard to its affirmative defenses of assumption of risk, failure to

ORDER DENYING PLAINTIFF'S AMENDED MOTION
FOR PARTIAL SUMMARY JUDGMENT AND MOTION
TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES -
4

CASE NO. C09-425 MJP

1   mitigate, and failure to exercise due care.  (Dkt. No. 32 at 11-12.)  The Court agrees and

2   DENIES Plaintiff's motion to strike the affirmative defenses.

3   D.      Motion to Strike

4           Defendant moves to strike the testimony of Richard Schefsky.  Mr. Schefsky's

5   credentials and declaration satisfy the Court that he is sufficiently qualified as an expert to render

6   an opinion for purposes of Plaintiff's partial summary judgment motion.  Defendant's motion to

7   strike is DENIED.

8           Defendant moves to strike the declaration of Tim Curry.  Mr. Curry sold Plaintiff his

9   trailer and avers that he inspected the trailer after the fire occurred.  (Curry Decl. ¶¶ 1-6.)  His

10  opinion as to the present value of the trailer is admissible for purposes of the partial summary

11  judgment motion.  The Court DENIES Defendant's motion to strike Mr. Curry's testimony.

12          Plaintiff requests the Court strike Dr. Julie Wood's statement that "[i]t is impossible for

13  me to draw a causal relationship between" the heater fire and Plaintiff's injuries because it was

14  read into the record by Defendant at a deposition of Dr. Chalaka.  (Chalaka Dep. Vol. 2 at 51:11-

15  19.)  The statement is inadmissible hearsay.  The Court GRANTS Plaintiff's motion to strike the

16  statement.  The Court has not considered it in determining the motion for summary judgment.

**Conclusion**

18          Material facts are in dispute as to whether a design defect exists in the suspect heater,

19  whether the heater caused the fire in the trailer, whether Plaintiff's injuries were caused by the

20  heater, and whether and in what amount the trailer suffered damages from the heater.  The Court

21  DENIES Plaintiff's motion for partial summary judgment.  Plaintiff has not demonstrated a valid

22  ground to strike Defendant's affirmative defenses.  This motion is DENIED.  The Court DENIES

23  Defendant's motion to strike, and GRANTS Plaintiff's motion to strike.

24  \\

25  \\

26  \\

ORDER DENYING PLAINTIFF'S AMENDED MOTION                          CASE NO. C09-425 MJP
FOR PARTIAL SUMMARY JUDGMENT AND MOTION
TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES -
5

1      The Clerk shall transmit a copy of this Order to all counsel of record.

2      Dated this 28th day of April, 2010.

3

4

5                                          Marsha J. Pechman

6                                          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PLAINTIFF'S AMENDED MOTION                    CASE NO. C09-425 MJP
FOR PARTIAL SUMMARY JUDGMENT AND MOTION
TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES -
6